

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| AP-KNIGHT, L.P., a Delaware limited partnership, | § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. 6:03-1577-26 |
| AHOLD FINANCE USA, INC., a South Carolina corporation, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER AFFIRMING THE JUNE 29, 2004, ORDER
OF MAGISTRATE JUDGE BRUCE H. HENDRICKS

## I.   INTRODUCTION AND PROCEDURAL HISTORY

In this action, Plaintiff seeks to recover damages and attorney's fees as a result of Defendant's alleged breach of its lease contract with Plaintiff. Defendant asserts the affirmative defense of constructive eviction. On May 4, 2004, Plaintiff filed a motion to quash a subpoena and for a protective order (document # 40). On June 8, 2004, Defendant filed a motion to compel the production of sampling data (document # 45). These motions, along with several others, were referred to Magistrate Judge Bruce H. Hendricks for disposition pursuant to 28 U.S.C. § 636(b)(1)(a).

On June 29, 2004, Judge Hendricks issued an order (Judge Hendricks' order) which, *inter alia*, granted in part Plaintiff's motion to quash a subpoena as it related to a February 6, 2003, email from Parthenon Realty Services (Parthenon) to Plaintiff's lender, Fleet National Bank, N.A. (Fleet) ("February 6, 2003, email" or "email"). The order also denied Defendant's motion to

compel the sampling data. Thereafter, on July 9, 2004, Defendant timely filed objections to the above-noted portions of the order. Defendant also filed two supplements to its objections, one on August 4, 2004, and the other on March 17, 2005.[1] Plaintiff responded to each of these submissions.

## II.     STANDARD OF REVIEW

A magistrate judge's ruling on nondispositive matters may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Routine discovery motions are considered nondispositive within the meaning of Rule 72(a). *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990).

## III.    DISCUSSION

### A.     February 6, 2003, email

Judge Hendricks found that the February 6, 2003, email was protected as work product pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. Judge Hendricks also found that Defendant had not demonstrated a substantial need for the document.

Defendant objected to Judge Hendricks' findings by stating that Plaintiff presented no evidence of a joint defense or common interest, and, even if it had, Defendant has a substantial need for the document because it is unable to replicate the data claimed to be contained within the email.

---

[1] Pursuant to Rule 72(a), objections to an order of a magistrate judge must be filed within ten days of the order. Fed.R.Civ.P. 72(a). It follows that any supplemental objections should be filed within ten days of receipt of any new evidence. Nevertheless, although both of Defendant's supplements to its objections are purportedly based upon newly discovered evidence, the evidence that forms the basis for the second supplement was received by Defendant on July 15, 2004; the supplement was filed approximately eight months later. Consequently, Defendant's second supplement is untimely. However, in the interests of justice, the Court has reviewed the second supplement and holds that MacTec is not subject to the September 1, 2004, subpoena and should not be made available for depositions. The protection afforded a consulting expert and his or her reports, data, etc. cannot be waived by disclosing that information to third parties. *See Vanguard Sav. and Loan Ass'n, VSL Service Corp. v. Banks*, No. 93-4627, 1995 WL 71293, at *2 (E.D.Pa. Feb 17, 1995).

2

Furthermore, in Defendant's first supplement to its objections, Defendant claimed that, to the extent that the email was originally protected by the work product doctrine, the protection had been waived as a result of Fleet's subsequent disclosure of the email to Defendant.[2]

The Court disagrees with Defendant on both points. First, the February 6, 2003, email contains the "mental impressions, conclusions, opinions, [and] legal theories of an attorney or other legal representative of [Plaintiff] concerning the litigation." Fed.R.Civ.P. 26(b)(3). The Fourth Circuit has stated that "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re: Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994). This Court agrees with the Magistrate Judge that Defendant has failed to present the rare and extraordinary circumstance that would allow the disclosure of opinion work product. Moreover, the Court is unconvinced that Plaintiff waived the work product protection by disclosing the email to Fleet and Parthenon. For the work product protection to be waived by disclosing a document to third parties, the disclosure must have increased the chance that an adversary would locate the material. *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981). Defendant has presented no compelling argument to that end.

Second, the Fourth Circuit has indicated a clear distinction between attorney-client privilege and the work product doctrine. The district court for the District of Maryland has set forth the law in the Fourth Circuit:

> "[O]pinion work product" has been characterized as "absolutely immune" or "nearly absolutely immune" from discovery. *Nutramax Laboratories v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 462 (D.Md. 1998) (citing *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997)). While the case law recognizes that even opinion work product may be waived, it can only be waived by actions that are consistent with

---

[2] Defendant claims that, in response to a subpoena, Fleet either purposefully or inadvertently disclosed the February, 6, 2003, email. Defendant states that it has not reviewed the email, but rather, had an administrative assistant place the email in a sealed envelope. The email is now in possession of the Court.

> a "conscious disregard of the advantage that is otherwise protected by the work product rule." *Id.* at 464. "The work product doctrine, therefore, is both broader and more robust than the attorney-client privilege, as it does not appear that it can be waived by inadvertent disclosure in the same way that the attorney-client privilege can." *Id*. at 464 n.10.

*Black and Decker v. United States,* No. WDQ-02-2070 (D.Md. Sept. 15, 2003).

In the present case, Plaintiff maintains that any disclosure of the February 6, 2003, email was strictly inadvertent. According to Plaintiff, the employee of Fleet that prepared the documents for production in response to the subpoena emphatically denies producing the email. Thus, it appears to this Court that the email was produced inadvertently. As such, this Court holds that the work product protection afforded to the contents of the email has not been waived.

    *B.*     *Sampling Data*

Judge Hendricks ruled that the sampling data requested by Defendant was undiscoverable because Defendant had failed to present the exceptional circumstances necessary under Rule 26(b)(4)(B) that would allow the production of the test results of Plaintiff's consulting expert.

The Rule clearly states that a party may discover facts known by an expert who has been retained by another party in anticipation of litigation, but who is not expected to testify at trial, only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B).

Defendant argues that rule 26(b)(4)(B) does not apply because the sampling data was gathered neither by an expert nor in anticipation of litigation. Defendant also argues that, to the extent the sampling data is subject to the consulting expert rule, Defendant has demonstrated

4


exceptional circumstances sufficient to compel the information because the tests performed to gather the sampling data cannot be replicated.[3]

First, the sampling data in question was gathered by Mactec Engineering and Consulting, Inc. approximately one month before this action was filed. Defendant has presented no compelling evidence, and this Court declines to hold, that Judge Hendricks committed clear error or that the finding that the consulting expert rule applies is contrary to law.

Second, Defendant admits that it is unaware of the scope of the testing performed or of the data that was generated as a result of the testing.[4] Thus, Defendant's argument that it has an exceptional need for the data because the test cannot be replicated fails since Defendant is unsure of what testing was conducted. "The party seeking discovery from non-testifying retained experts faces a heavy burden." 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2032 (2d ed. 2005) (citing *Hoover v. U.S. Department of Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980)). "'Since a litigant will not know what facts the opposing party's experts have discovered and what opinions they have formed, it will rarely be possible to make the required showing.'" *Id*. (quoting *U.S. v. Meyer*, 398 F.2d 66, 76 (9th Cir. 1968)). Accordingly, the Court affirms Judge Hendricks' ruling that the sampling data is undiscoverable.

---

[3] Defendant also argues that the sampling data sought falls outside the work product doctrine. Because Judge Hendricks did not base her ruling on the work product doctrine, the Court declines to address this issue.

[4] Indeed, Plaintiff claims that the data sought by Defendant, i.e., raw data of indoor air sampling, does not exist.

**IV.     CONCLUSION**

In light of the foregoing analysis, the June 29, 2004, order of Judge Hendricks' is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 4th day of May, 2005, in Spartanburg, South Carolina.

<div style="text-align:right">

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

</div>